**Wanda BASSETT, Jana Bouck, Mary Lorento, Laurie Whittin, Richard Johnson, and Sara Johnson, Plaintiffs,**

v.

**ORKIN EXTERMINATING CO., INC. d/b/a Orkin Pest Control, Defendant.**

**Civ. A. No. 90–CV–782.**

United States District Court, N.D. New York.

April 6, 1994.

**24**

Kiley, Feldman, Whalen, Devine & Patane, P.C., Oneida, NY, by James Devine, Edward J. Shive, for plaintiffs.

Ogletree, Deakins, Nash, Smoak & Stewart, Greenville, SC, by Donald Cockrill, for defendant.

## DECISION–ORDER

SCULLIN, District Judge.

### BACKGROUND AND FACTS

Plaintiffs Wanda Bassett, Jana Bouck, Mary Lorento, Laurie Whittin, Richard Johnson and Sara Johnson brought this suit against defendant Orkin Exterminating Co., Inc. a/k/a Orkin Pest Control Services alleging that defendant's negligent application of pesticide at the Piedmont Airlines Reservation Center on August 10, 1988 and September 16, 1988 caused personal injuries to plaintiffs. The trial commenced on January 12, 1994, the parties rested on February 9, 1994, and the jury rendered its verdict on February 10, 1994 finding no cause of action in favor of defendant as to all the above named plaintiffs. This matter is presently before the court on plaintiffs' motion seeking judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b), or, in the alternative, a new trial pursuant to Fed.R.Civ.P. 59(a).

### DISCUSSION

#### A. Judgment as a Matter of Law

The strict standard for granting judgment as a matter of law, pursuant to Fed.R.Civ.P. 50, is held for those rare situations when there is

> such a complete absence of evidence supporting the verdict that the jury's finding could only have been the result of sheer surmise and conjecture or the evidence must be so overwhelming that reasonable and fair minded persons could only have reached the opposite result.

*Sorlucco v. New York City Police Dept.*, 971 F.2d 864 (2d Cir.1992) (citations omitted).

Plaintiffs contend that the following testimony was uncontroverted (1) Joseph Jurczak, defendant's employee, applied pesticide at the Piedmont Airlines Reservation Center on August 10 and September 16, 1988, (2) that within a short period individuals noticed a strong pungent order and (3) plaintiffs experienced respiratory reactions. Consequently, plaintiffs assert that the facts and inferences are overwhelmingly · in favor of plaintiffs and reasonable persons could not reach a different conclusion and any contrary evidence is so minimal as to result in jury conjecture.

Not surprisingly, defendant contends that the testimony of Joseph Jurczak describing his crack and crevice application was corroborated by expert scientific testimony relating to Dursban L.O. and satisfies the strict standard for granting a judgment as a matter of law.

The court agrees. From the evidence and testimony presented, the jury determined that the weight and sufficiency of all evidence lay with the defendant and ruled in its favor. Moreover, this evidence, viewed in a light most favorable to the non-movant, was not the result of "sheer surmise or conjecture" nor was the evidence so overwhelmingly in plaintiffs' favor that reasonable people could only have reached the opposite result. Accordingly, the court finds that plaintiffs are not entitled to judgment as a matter of law and their motion is denied.

#### B. New Trial

The standard for granting a new trial, pursuant to Fed.R.Civ.P. 59, requires the court to be "convinced that the jury has reached a seriously erroneous result or that

the verdict is a miscarriage of justice." *Sorlucco v. New York City Police Dept.*, 971 F.2d 864, 875 (2d Cir.1992) (citations omitted).

Plaintiffs contend that a new trial is warranted on the ground that the defendant's entire defense on liability rested upon the testimony of Joseph Jurczak and this testimony was against the clear weight of credible evidence.

Defendant responds that the testimony of Joseph Jurczak, Mr. Wainwright, of the New York State Department of Environmental Conservation, as well as, plaintiffs was conflicting and contradictory and sufficient evidence to support a verdict by the jury.

Joseph Jurczak testified regarding his method of application of pesticide at the Piedmont Airlines Reservation Center, his experience and background in pesticide application, and his knowledge of the events on the dates in issue. Mr. Wainwright testified concerning the appropriate method of application of Dursban L.O. and violations of the pesticide statute. Plaintiffs testified to their knowledge involving the application of the pesticide on the dates in question and their subsequent reactions. In making a determination on issues of fact, the jury did not have to accept as credible the testimony of a greater number of witnesses over lesser numbers of contradictory testimony. Rather, the jury had to base its determination on witness trustworthiness and credibility. Accordingly, the court finds that the jury's determination as to the credibility of witnesses was not seriously erroneous nor was the verdict a miscarriage of justice and plaintiffs' motion for a new trial is denied.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED, that plaintiffs' motion for judgment as a matter of law is denied; and it is further

ORDERED, that plaintiffs' motion for a new trial is denied.